UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL HUGGINS, an individual, et al., <br><br> Plaintiff, <br><br> v. <br><br> BANK DEUTSCHE NATIONAL TR CO TRS, a Virginia corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; a subsidiary of MERSCORP INC., a Delaware corporation, <br><br> Defendants. | Case No. 2:11-cv-00147-KJD-LRL <br><br> **ORDER** |

Presently before the Court is Plaintiff's Motion to Remand (#9). Defendants filed a response in opposition (#10) to which Plaintiff replied (#15). Also before the Court is Defendants' Motion to Dismiss (#6). Plaintiff filed a response in opposition (#11) to which Defendants replied (#12).

**I. Background**

Plaintiff took out a mortgage on a personal residence in Clark County, Nevada known as 210 North Tee Pee Lane, Las Vegas, Nevada ("Subject Property") in the amount of $536,000.00 ("Loan"). Plaintiff defaulted on the Loan and foreclosure was commenced. After receiving notification of a planned non-judicial foreclosure sale of his residence, Plaintiff filed suit against the

foreclosure trustee in state court on June, 29, 2010 ("Huggins I").   Foreclosure has not been completed. Plaintiff's complaint in Huggins I alleged twelve causes of action: (i) unfair lending practices - NRS 598(D); (ii); deceptive trade practices; (iii) wrongful foreclosure; (iv) conspiracy to commit fraud and conversion; (v) conspiracy to commit fraud related to MERS system; (vi) inspection and accounting; (vii) unjust enrichment; (viii) quiet title; (ix) breach of good faith and fair dealing; (x) injunctive relief;(xi) declaratory relief; and (xii) rescission.  The Defendants in Huggins I were Quality Loan Servicing LP, Merscorp, Inc. ("Merscorp"), Mortgage Electronic Registration Systems, Inc. ("MERS"), OneWest Bank, FSB, and Indymac Mortgage Services.

Huggins I was removed to federal court based on diversity jurisdiction. Plaintiff subsequently filed a motion to remand citing a lack of federal question jurisdiction.  The Honorable Judge George in Huggins I, case number 2:10-cv-1232-LDG-PAL, denied remand and dismissed the case on January 23, 2011, for failure to state a claim.

On December 21, 2010, Plaintiff filed the present action in state court alleging the identical twelve claims as Huggins I against Defendants Bank Deutsche National Tr Co Trs ("Bank Deutsche"), Merscorp, and MERS (Huggins II).  This case was removed to federal court on January 27, 2011, on diversity jurisdiction.  Plaintiff has subsequently filed a motion to remand, and Defendants have filed a motion to dismiss for failure to state a claim.

**II. Motion to Remand**

Here, exactly like Plaintiff's attempt to remand in Huggins I, Plaintiff's Motion to Remand (#9) argues that this case should be remanded due to procedural defects and a lack of federal question jurisdiction.  And, exactly like in Huggins I, this case was properly removed based on diversity jurisdiction.  The Court addressed each of Plaintiff's arguments below.

<u>1.  Procedural Defects</u>

Plaintiff argues that procedural defects in the removal process require remand because all Defendants failed to timely consent to removal.  "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or

2

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). The rule of unanimity requires that all defendants who have been served must either join in the removal, or file a written consent to the removal. See <u>United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Service Workers</u>, 549 F.3d 1204, 1208 (9th Cir. 2008) (citations omitted).

Here, Plaintiff's argument is without merit because all Defendants are represented by the same counsel and the therefore the removal filings were on behalf of all Defendants. Furthermore, Plaintiff's contention that these filings are defective under Rule 11 is also without merit. Each party, through its attorney, properly signed the respective filings. Therefore, removal was not procedurally deficient.

<u>2. Original Jurisdiction</u>

Plaintiff also contends that removal is improper because this court lacks original jurisdiction over his claims. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." <u>Ansley v. Ameriquest Mortg. Co.</u>, 340 F.3d 858, 861 (9th Cir.2003) (<u>quoting</u> <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 (9th Cir.1998) (internal quotation marks omitted)). Accordingly, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042 (<u>citing</u> 28 U.S.C. § 1441).

Although Plaintiff devotes most of his briefing to federal question jurisdiction, Defendants filed their notice of removal based upon diversity jurisdiction. Generally, federal district courts have diversity jurisdiction "over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." <u>Philip Morris USA</u>, 582 F.3d at 1043 (citing 28 U.S.C. §

3

1332(a)). For purposes of diversity jurisdiction, a corporation is a citizen of any state in which it has been incorporated. 28 U.S.C. § 1332(a)(1). Here, Plaintiff's citizenship is diverse from that of each Defendant, and the amount in controversy exceeds $75,000. See Cohn v. Petsmart, Inc., 281 F.3d 837, 849 (9th Cir.2002). Therefore, removal was not procedurally defective and the Court has diversity jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's motion to remand is denied.

**III. Res Judicata**

Even though Defendants have not raised the defense of res judicata, the court may dismiss the action on that basis sua sponte. Arizona v. California, 530 U.S. 392, 412 (2000). To do so "is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." Id., citing United States v. Sioux Nation, 448 U.S. 371, 432 (1980).

"Res judicata, also known as claim preclusion, bars litigation of claims in a subsequent action that were raised or could have been raised in the prior action." Oregon Natural Desert, 2008 WL 140657 *3, citing Owens v. Kaiser Fund Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). To trigger the doctrine of res judicata, the earlier suit must have (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. Mpoyo v. Litton Electrc-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005) (citation omitted). Application of this doctrine "does not require that the party benefitting have been a party to the earlier litigation." Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995.

    1.  Same Claim or Cause of Action

Here, Huggins I and Huggins II involve the identical twelve claims:  (i) unfair lending practices - NRS 598(D); (ii); deceptive trade practices; (iii) wrongful foreclosure; (iv) conspiracy to commit fraud and conversion; (v) conspiracy to commit fraud related to MERS system; (vi) inspection and accounting; (vii) unjust enrichment; (viii) quiet title; (ix) breach of good faith and fair

1  dealing; (x) injunctive relief;(xi) declaratory relief; and (xii) rescission.  Therefore, the first res
2  judicata element is satisfied.

4       2. Final Judgment on the Merits
5       Fed.R.Civ.P. 41(b) provides that any dismissal, except one for lack of jurisdiction, improper
6  venue, or failure to join a party under Rule 19, operates as a final judgment on the merits.  See
7  Paliotta v. Brooks,  2011 WL 769981 at *5 (D.Nev. 2011).  Dismissal for failure to state a claim
8  under Fed.R.Civ.P. 12(b)(6) is considered a final judgment on the merits.  Federated Dept. Stores,
9  Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981); see also Nnachi v. City of San Francisco, 2010 WL
10 3398545 at *5-6 (N.D.Cal.2010)(action dismissed for failure to state a claim serves as final judgment
11 on the merits for res judicata purposes).
12      Here, Judge George dismissed Huggins I for failure to state a claim and therefore, there was a
13 final judgment on the merits.  Accordingly, the second res judicata element is satisfied.
14      2.  Identical Parties or Privies
15      The Defendants in Huggins I were Quality Loan Servicing LP, Merscorp, MERS, OneWest
16 Bank, FSB, and Indymac Mortgage Services.  In Huggins II, the Defendants are Bank Deutsche,
17 Merscorp, and MERS.  Merscorp and MERS are identical parties to those in Huggins I and therefore
18 satisfy the third and final res judicata element.  Accordingly, all twelve claims against Merscorp and
19 MERS are barred by res judicata and dismissed. As explained below, all claims against Bank
20 Deutsche are also dismissed, because Bank Deutsche is in privity with the Defendants in Huggins I.
21      For purposes of res judicata, privity exists when "a person [is] so identified in interest with
22 another that he represents the same legal right." Zaragosa v. Craven, 202 P.2d 73, 75 (Cal. 1949); see
23 Headwaters, Inc., v. U.S. Forest Serv., 399 F.3d 1047, 1054 (9th Cir. 2005).  The focus of the inquiry
24 is whether the party in the later action was "sufficiently close" to the party in the first action "so as to
25 justify application" of preclusion principles. Clemmer v. Hartford Insurance Co., 587 P.2d 1098,
26 1102 (Cal. 1978).  Identity of interests and adequate representation are necessary to find privity.

5

Irwin v. Mascott, 370 F.3d 924, 930 (9th Cir. 2004). The circumstances must be "such that the party to be [precluded] should reasonably have expected to be bound by the prior adjudication." Clemmer, 587 P.2d at 1102. This requires a contextual approach based on the need to avoid repetitive litigation, see id., rather than an approach based on mere formalities with regard to the parties. See Rynsburger v. Dairymen's Fertilizer Cooperative, Inc., 266 Cal.App.2d 269, 278 (1968).

All the Defendants in Huggins I were mortgage bankers, brokers, or mortgage related services which had some claim of right, title, estate, lien or other interest in the Subject Property. Plaintiff's Complaint (#1-2) states that Bank Deutsche is a creator, originator, shareholder or derivative party of Merscorp and an acting agent of MERS who has wrongly stated an interest in the Subject Property. Further, Bank Deutsche's primary interest, like the Defendants in Huggins I, is to allow the foreclosure on the Subject Property to proceed and these interest were adequately represented in the first case. The Defendants in Huggins I are sufficiently close to Bank Deutsche, represented the same legal right as Bank Deutsche, and Bank Deutsche should have reasonably expected to be bound by the prior adjudication. Therefore, Bank Deutsche is in privity with the Defendants in Huggins I and the third res judicata element is satisfied. Accordingly, all twelve claims against Bank Deutsche are barred by res judicata and dismissed.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#9) is **DENIED**;

Further, **IT IS SO ORDERED** that this case is **DISMISSED** (#6).

DATED this 21st day of July 2011.

_____
Kent J. Dawson
United States District Judge